UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS M. GERSON CO., INC.,

Plaintiff,

v.                                           Civil Action No. _____

GODERICH PLASTICS, INC. and
HURON TRACT HOLDINGS, INC.,

Defendants.

**NOTICE OF REMOVAL**

TO:   **CLERK OF COURT**
      **U.S. DISTRICT COURT for the DISTRICT OF MASSACHUSETTS**

Please take notice that Defendants Goderich Plastics, Inc. and Huron Tract Holdings, Inc. hereby file this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removing this action, Defendants states as follows:

1. On or about October 5, 2004, Plaintiff Louis M. Gerson Co., Inc. filed a civil action entitled <u>Louis M. Gerson Co., Inc. v. Goderich Plastics, Inc. and Huron Tract Holdings, Inc.</u>, Civil Action No. PLCV2004-01200-B, in the Superior Court Department of the Trial Court, Plymouth County, Massachusetts (the "State Court Action").

2. On October 12, 2004, Defendants received a copy of the Summons, Complaint, and Civil Action Cover Sheet in the State Court Action. (<u>See</u> **Exhibit A.**) As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after Defendants' first receipt of the Complaint.

- 2 -

3. As alleged in the Complaint in the State Court Action, Plaintiff is a corporation organized under the laws of the State of Delaware, with a principal place of business in Middleboro, Massachusetts.

4. Both Defendants are corporations organized under the law of Ontario, Canada.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because Plaintiff is a citizen of a different state than Defendants and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Defendants have, on this day, sent copies of this Notice of Removal to Plaintiff's counsel and to the Clerk of the Superior Court, Plymouth County, Massachusetts, to be filed with that court pursuant to 28 U.S.C. § 1446(d).

7. Pursuant to Local Rule 81.1 of this Court, within thirty (30) days, Defendants will file with the Clerk of this Court certified or attested copies of all records and proceedings in the State Court Action and a certified and attested copy of all docket entries there.

WHEREFORE, Defendants hereby remove this action now pending in the Superior Court, Plymouth County, Massachusetts, to this the United States District Court for the District of Massachusetts.

Respectfully submitted,

GODERICH PLASTICS, INC. and
HURON TRACT HOLDINGS, INC.,

By their counsel,

_____
Jason W. Morgan (BBO #633802)
Drohan, Hughes, Hoffman & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel.: (781) 749-7200
Fax: (781) 740-4335
jmorgan@dhhpc.com

Dated: November 10, 2004

## CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that on November 10, 2004, I served a true and correct copy of the foregoing by overnight delivery upon counsel for Plaintiff, Peter Alley, Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston, Massachusetts 02210-2028.

_____
Jason W. Morgan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)

   Louis M. Gerson Co., Inc. v. Goderich Plastics, Inc., et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.
   (See Local Rule 40.1(A)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See Local Rule 40.1(G)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC § 2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to Title 28 USC § 2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? (See Local Rule 40.1(D))
   YES ☒   NO ☐

   A. If YES, in which division do all of the non-governmental parties reside?
   Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If NO, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal – are there any motions pending in the state court requiring the attention of this Court? (If YES, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Jason W. Morgan
ADDRESS   Drohan, Hughes, Hoffman & Tocchio, P.C., 175 Derby Street, Suite 30, Hingham, MA 02043
TELEPHONE NO.   (781) 749-7200

(Coversheetlocal.wpd - 10/17/02)

JS 44
(REV. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Louis M. Gerson Co., Inc.

**DEFENDANTS**
Goderich Plastics, Inc.
Huron Tract Holdings, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Ontario, CANADA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**
Peter Alley
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

**ATTORNEYS (IF KNOWN)**
Jason W. Morgan
Drohan, Hughes, Hoffman & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [x] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure Of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury—Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | | [ ] 650 Airline Regs. | | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 820 Copyrights | |
| | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 371 Truth in Lending | | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [x] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Equipment | [ ] 443 Housing/Accommodations / HABEAS CORPUS | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| [ ] 240 Torts to Land | / [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other | | | |
| | / [ ] 550 Civil Rights | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS — Third Party 26 USC 7609 | |
| | / [ ] 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUES UNLESS DIVERSITY)

Claim for breach of contract

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A CLASS ACTION [ ] UNDER F.R.C.P. 23   DEMAND $ excess of $75,000   CHECK YES only if demanded in complaint: JURY DEMAND: [x] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE: November 10, 2004

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# EXHIBIT A

PLYMOUTH COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO. PLCV2004-01200-B

Louis M. Gerson Co., Inc. ........................, Plaintiff(s)

vs.

Huron Tract Holdings, Inc. ........................, Defendant(s)

### SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon ...Peter Alley... attorney, whose address is ...Seyfarth Shaw LLP, Two Seaport Lane, Boston, MA 02210..., plaintiff, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DELVECCHIO Esquire, at Plymouth the ................day of ................, in the year of our Lord Two thousand and four.

*[signature]*
CLERK.

**NOTES**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-(Contract)-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................, 2004, I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4(d)(1-5): by leaving with Dick Lehner, an officer of the Company.

Dated: Oct 12, 2004.  *[signature]* Tennant, Bailiff

N.B. TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

Oct 12, 2004

# Commonwealth of Massachusetts
## County of Plymouth
### The Superior Court

CIVIL DOCKET# PLCV2004-01200-B

RE: Louis M Gerson Co, Inc v Goderich Plastics, Inc et al

TO: Peter Alley, Esquire
Seyfarth Shaw
2 Seaport Lane, Suite 300
World Trade Center East
Boston, MA 02210-2028

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 01/03/2005 |
| Response to the complaint filed (also see MRCP 12) | 03/04/2005 |
| All motions under MRCP 12, 19, and 20 filed | 03/04/2005 |
| All motions under MRCP 15 filed | 03/04/2005 |
| All discovery requests and depositions completed | 08/01/2005 |
| All motions under MRCP 56 served and heard | 08/31/2005 |
| Final pre-trial conference held and firm trial date set | 09/30/2005 |
| Case disposed | 11/29/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session B sitting in **CtRm 1 (Court Street, Plymouth)** at Plymouth Superior Court.

Dated: 10/05/2004

Francis R. Powers
Clerk of the Courts

BY: Adam Baler
Assistant Clerk

Location: CtRm 1 (Court Street, Plymouth)
Telephone: (508) 747-6911

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 425365 inidoc01 dormanmi

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | | Trial Court of Massachusetts Superior Court Department County: Plymouth |
|---|---|---|---|
| PLAINTIFF(S) Louis M. Gerson Co., Inc. | | DEFENDANT(S) Goderich Plastics, Inc. Huron Tract Holdings, Inc. | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Peter Alley, Esq. Seyfarth Shaw LLP Two Seaport Lane, Suite 300 Boston, MA 02210 Board of Bar Overseers number: 552610 | | ATTORNEY (If known) | |

Place an x in one box only:
Origin code and track designation

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup. Ct. C.231, s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
☐ 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
☐ 6. F06 Summary Process Appeal (X)

| CODE NO. | TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) |
|---|---|
| A99 | TYPE OF ACTION (specify)   TRACK   IS THIS A JURY CASE? Breach of Contract   F   ☒ Yes   ☐ No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; Indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ............................................. $_____
   2. Total Doctor expenses .............................................. $_____
   3. Total chiropractic expenses ........................................ $_____
   4. Total physical therapy expenses .................................... $_____
   5. Total other expenses ............................................... $_____
      Subtotal $_____
B. Documented lost wages and compensation to date: .................... $_____
C. Documented property damages to date: .............................. $_____
D. Reasonably anticipated future medical and hospital expenses ........ $_____
E. Reasonably anticipated lost wages ................................. $_____
F. Other documented items of damages (describe) ...................... $_____

Brief description of plaintiff's injury, including nature and extent of injury (describe)

$_____

TOTAL $_____

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
The defendants have repudiated plaintiff's purchase order and retained plaintiff's downpayment. Estimated damages exceed $25,000.

TOTAL $ + 25,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _[signature]_   DATE: 10/4/04

TC-6 mtc005-11/99
A.T.C. 1-2000

RECEIVED
OCT 5 2004
PLYMOUTH SUPERIOR COURT

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

| | |
|---|---|
| LOUIS M. GERSON CO., INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| GODERICH PLASTICS INC., HURON TRACT HOLDINGS, INC. | ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT

This is an action for breach of contract and for the return of deposit money.

### Parties

1. Louis M. Gerson Co., Inc. ("Gerson") is a Delaware corporation with a principal place of business in Middleboro, Massachusetts.

2. The defendant Goderich Plastics Inc. ("Goderich") is a company with a principal place of business in Goderich, Ontario, Canada. Goderich is in the business of producing plastic injection molded products for commercial use.

3. The defendant Huron Tract Holdings, Inc. ("Huron") is also located in Goderich, Ontario. On information and belief, Goderich is wholly owned by Huron, which dominates and controls the business of Goderich.

4. On or about June 23, 2004, Gerson issued a purchase order to Goderich in the amount of US $168,500 for certain plastic molds. The molds were to be owned and paid for by

Gerson and used by Goderich to manufacture certain products for Gerson. The purchase order required delivery by September 30, 2004. A copy of the purchase order is attached hereto as Exhibit A.

5. Goderich understood at the time the purchase order was issued that Gerson would be soliciting orders based on the availability of the molds by September 30, 2004.

6. As a down payment per the agreed upon terms of the purchase order, on July 1, 2004, Gerson paid Goderich US $42,125.00, representing 25% of the purchase order, and an additional 5% of the purchase order on July 19, 2004. Copies of Gerson's checks to Goderich are attached hereto as Exhibit B.

7. Goderich subcontracted the production of Gerson's molds to Global Precision Molds, Inc. ("GPM"), located in Toronto, Ontario, for a total price of US $147,500. On information and belief, the agreement between Goderich and GPM required a down payment from Goderich of US $51,625.00 or 35% of their purchase order. Goderich, through Huron, paid GPM CDN $30,000 (approximately US $22,000) on August 23, 2004 from Gerson's down payment. A copy of Huron's $30,000 check is attached hereto as Exhibit C. Unbeknownst to Gerson, however, Goderich failed to provide the full down payment to GPM and GPM did not start the project until September 13, 2004. Gerson was only informed on September 23, 2004 that the molds would not be ready by the new delivery date of October 15, 2004.

8. In reliance on its contract with Goderich, Gerson solicited and received orders from customers for products and established delivery dates for those products based on Goderich's promise.

9. Goderich has now repudiated the purchase order and business arrangement with Gerson and its contract with GPM. On information and belief, Goderich is in the process of

-3-

being acquired by a foreign company that will not allow Goderich to honor the business arrangement and purchase order with Gerson.

10. Gerson has directly contracted with GPM to purchase the molds, but the earliest possible delivery date by GPM is early November, assuming that everything goes smoothly. Obtaining that date required Gerson to incur additional costs of $17,900. In addition, there will be an additional cost (in excess of $10,000) in air freighting the molds upon completion.

11. Goderich and Huron have refused to return the remainder of Gerson's down payment.

12. As a result of the breach of contract by Goderich and Huron, Gerson is entitled to the return of the remaining portion of its down payment and all out-of-pocket and consequential damages resulting from the defendants' breaches, including, but not limited to, all lost profits suffered by Gerson as a result of lost sales to its customers and all expenses incurred by Gerson that would not have been incurred but for defendants' unlawful conduct.

## Relief Requested

Wherefore, Gerson demands judgment against Goderich and Huron for breach of contract and prays the Court (i) to award Gerson its damages in an amount to be proven at trial, (ii) to award Gerson its costs and expenses incurred in this action, including reasonable attorney's fees,

and (iii) to order such other and further relief as is necessary and just.

GERSON DEMANDS TRIAL BY JURY

LOUIS M. GERSON CO., INC.

By its Attorneys,

_____
Peter Alley (BBO #552610)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

DATED: October 4, 2004